**WO**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV-05-4158-PHX-JAT |
| MICHAEL KEITH SCHUGG, dba SCHUBURG HOLSTEINS, | BK No. 2-04-13326-GBN<br>BK No. 2-04-19091-GBN |
| Debtor. | CHAPTER 11 |
| In re: | (Jointly Administered and Substantively Consolidated) |
| DEBRA SCHUGG, | |
| Debtor. | |
| MICHAEL KEITH SCHUGG, | |
| Appellant, | **ORDER** |
| vs. | |
| G. GRANT LYON, Trustee; GILA RIVER INDIAN COMMUNITY; and WELLS FARGO BANK, N.A., | |
| Appellees. | |

Pending before the Court is the Gila River Indian Community ("GRIC")'s Petition for Rehearing (doc. 55).

I.      BACKGROUND

On December 19, 2005, the Appellant filed this action appealing a December 8, 2005, order of the bankruptcy court approving a settlement between the Trustee and the GRIC and the sale of a bankruptcy estate asset referred to as "Section 16."  On April 6, 2006, the Court ordered the parties to come prepared to discuss whether any of the issues on appeal were made moot because the date of the sale in the settlement agreement had already past.

The Court held a hearing on April 11, 2006.  The Appellant argued that the Court must rule on the issues raised on appeal because the Trustee and the GRIC could still proceed with the settlement and have the sale on another date.  Both the Trustee and the GRIC represented to the Court that they did in fact intend to go forward with the settlement and sale and agreed that the issues on appeal were not moot.  Having heard from all the parties on this matter, and satisfied that the issues on appeal were not moot, the Court heard argument on the merits of the appeal and took the case under advisement.

On May 22, 2006, the Court entered an Order overruling and setting aside the December 8, 2005, order of the bankruptcy court approving the settlement and sale of Section 16.  On June 2, 2006, the GRIC filed a document called a "Petition for Rehearing."  On June 14, 2006, the Appellant filed an "Acknowledgment of GRIC's Petition for Rehearing."

The Appellant's acknowledgment merely states that the GRIC's Petition for Rehearing is really a request for reconsideration and, consistent with the applicable rules of procedure, the Appellant will not substantively respond to the motion unless ordered by the Court to do so.

Having read the GRIC's Petition for Rehearing, the Court finds that further argument, either in the form of briefing or oral argument, is unnecessary.  Therefore, the Court now rules on the

1    motion.

2    II.    LEGAL STANDARD AND ANALYSIS

3         The GRIC's motion asks the Court to reconsider and vacate all, or portions of, its May 22,

4    2006, Order.   Therefore, the Court deems the Petition for Rehearing to be a motion for

5    reconsideration.   A timely motion for reconsideration is governed by Federal Rule of Civil

6    Procedure 59(e). *In re Onecast Media, Inc.,* 439 F.3d 558, 561 (9th Cir. 2006). This Court's Order

7    was entered on May 22, 2006.  The GRIC filed his motion requesting the Court to reconsider and

8    vacate its Order on June 2, 2006.  Accordingly, the motion was timely filed.

9         Reconsideration is only appropriate if: (1) the court is presented with newly discovered,

10   previously unavailable, evidence; (2) the court committed a clear error of law and the initial

11   decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch.*

12   *Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).

13   Reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence

14   that could have been raised prior to entry of judgment. *See, e.g., Fed. Deposit Ins. Agency v. World*

15   *Univ.,* 978 F.2d 10, 16 (1st Cir. 1992); *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

16        The GRIC admits in its motion that, after being Ordered by this Court to come prepared to

17   discuss whether the issues on appeal were moot, the GRIC came before the Court and argued on

18   April 11, 2006, that the GRIC and the Trustee intended to proceed with the sale of Section 16, and

19   that the issues raised on appeal were not moot.  Nevertheless, the GRIC now argues that this Court

20   should vacate its Order on the theory that "the order was entered after underlying dispute had

21   become moot."

22        The GRIC has not argued that there has been a change in controlling law.  Rather, the GRIC

seems to suggest that it has newly discovered and previously unavailable evidence for this Court to consider.  The "new evidence" are actually events that occurred *after* this Court heard oral argument on the merits of this case and took it under advisement.  The Court declines to reconsider its decision in light of events that occurred *after* this Court took this case under advisement and are *not anywhere in the record on appeal.*

The GRIC also disagrees with the Court's decision and feels that "the bankruptcy court correctly decided all of the issues that Mr. Schugg raised on appeal."  However, the GRIC has failed to persuade this Court that it committed a clear error of law and that its decision was manifestly unjust.

Rule 59 motions cannot be used to ask the Court "to rethink what the court has already thought through," merely because a party disagrees with the Court's decision.  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 8 (N.D. Ill. 1983).  Such disagreements should be dealt with in the normal appellate process.  *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993); *Refrigeration Sales Co,* 605 F.Supp. at 7.

The GRIC has failed to present this Court with cause to reconsider its May 22, 2006, Order.

/ / /

Accordingly,

IT IS ORDERED DENYING the Plaintiff's Motion to Reconsider (doc. 55).

DATED this 23rd day of June, 2006.

James A. Teilborg
United States District Judge